UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

BONITA L. YOUNG,
                Plaintiff

v.                                          Civil Action No.
                                                3:04CV286-J

JO ANNE B. BARNHART, Commissioner
 Social Security Administration,
                Defendant

## MEMORANDUM OPINION

      This case presents plaintiff Bonita Young's challenge to the decision of the Commissioner denying her claim to disability insurance benefits and supplemental security income payments. After examining the record as a whole, the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the Commissioner must be set aside and the matter remanded for award of benefits.

      Ms. Young filed her applications in March of 2002, alleging that she had been unable to engage in any substantial gainful employment since October 29, 2001. After a hearing, the ALJ determined that Ms. Young retained the residual functional capacity to perform a mildly restricted range of light work, which would not preclude performance of her past relevant work.

      If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. <u>Studaway v. Secretary of HHS</u>, 815 F.2d 1074, 1076 (6th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Jones v. Secretary</u>, 945 F.2d 1365 (6th Cir. 1991). The Court's obligation to affirm

in such a case exists regardless of whether we would resolve the disputed issues of fact differently, and regardless of whether there exists substantial evidence to support the opposite conclusion. Stanley v. Secretary, 39 F.3d 115 (6th Cir. 1994), Tyra v. Secretary, 896 F.2d 1024 (6th Cir. 1990), Mullen v Brown, 800 F.2d 535, 545 (6th Cir. 1986).

Ms. Young contends that the ALJ erred in rejecting the mental capacity evaluation of Dr. L. Hattab, her treating psychiatrist. On March 13, 2003, Dr. Hattab provided a Medical Source Statement Concerning the Nature and Severity of Mr. Young's mental impairment, finding his patient *markedly* limited both in the ability to perform activities within a schedule and be punctual, and in the ability to complete a normal workday and workweek without interruptions. Tr. 459. In addition, Dr. Hattab opined that Ms. Young was moderately limited in her ability to maintain attention and concentration and in her ability to accept instructions and respond appropriately to criticism. Tr. 460. Dr. Hattab commented that Ms. Young "suffer from chronic severe psychiatric illness which caused her to be unable to hold a job, and when she will be under a job stress, will decompensate and might need to be hospitalized." Tr. 461.

The ALJ rejected Dr. Hattab's opinion on grounds that it "is somewhat internally inconsistent. It is not supported by his own or other evidence of record, especially the claimant's activities of daily living and is therefore rejected." Tr. 25. Unfortunately, the ALJ failed to point to the parts of the record that suggested "internal inconsistency" or lack of clinical support. The Court has been unable to identify any such inconsistency.

The record as a whole reflects a several year history of depression and anxiety, possibly with bipolar disorder as well. Dr. Hattab was her treating psychiatrist for over two years. An evaluation dated June 12, 2001 ( resulting from Ms. Young's contacting a crisis line due to panic

2

attacks and suicidal ideation without a plan) showed reports of physical symptoms of panic and anxiety, fatigue, hopelessness, and low self-esteem. Tr. 346-347. A month later, she continued with a diagnosis of major depression, recurrent. Tr. 341. A month after that, she was still very depressed, but "doing some better" in that she was no longer hearing music and voices. Tr. 339. In November of 2001, however, she was again hearing someone call her name, and in December, sleep was once again erratic. Tr. 334. In December of 2001, "bipolar" was added to her continuing diagnosis of major depression. Tr. 330. In February, an attempt to reduce her medication level failed because her mood swings intensified. Tr. 327.

    At some times, Ms. Young's depression is noted to have psychotic features, and at other times it does not, but there is no sense in which the records are in any way inconsistent with the report rejected by the ALJ. The pattern of maintenance, improvement and worsening continues throughout the records, and throughout this time of continuous treatment, the records consistently reflect not only a diagnosis of major depression with anxiety and or bipolar disorder, but also specific reports to support those diagnoses.

    The underlying basis for according greater weight to the opinion of a treating physician is the fact that one who has seen a patient over a period of time is in a better position to evaluate complaints, relate incidents to previous events. In this case, the treating physician saw Ms. Young over a period of time, recorded specific clinical observations, and was able to point to consistency of diagnosis and prognosis. A treating physician's opinion, if uncontradicted, should be given complete deference. See, e.g., <u>Walker v. Secretary of Health & Human Servs</u>., 980 F.2d 1066, 1070 (6th Cir.1992). A treating physician's opinion is entitled to more weight if Commissioner finds "that a treating source's opinion on the issue(s) of the nature and severity of

3

your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record." 20 C.F.R. S 404.1527(d)(2)(1999).

The bare statement that Dr. Hattab's opinion was "somewhat inconsistent" with his and other records is insufficient to detract from the weight to be accorded the opinion of a treating physician.  Even if Dr. Hattab's statement that Ms. Young is "unable to hold a job" is disregarded in its entirety, the specific functional limitations he identified are clearly indicative of disability.  That is, what is presented here is not a conclusory statement of disability, but the identification of very specific functional limitations supported by a pattern of diagnosis and treatment.  The ALJ erred in rejecting Dr. Hattab's opinion.  As the functional limitations identified by Dr. Hattab are inconsistent with the capacity for gainful employment, a finding of disability is compelled.

An order in conformity has this day entered.